IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NONBELIEF RELIEF, INC,<br>P.O. BOX 448<br>MADISON, WI53701-0448<br><br>Plaintiff,<br><br>v.<br><br>CHARLES P. RETTIG, COMMISSIONER<br>OF THE INTERNAL REVENUE SERVICE,<br>1111 CONSTITUTION AVENUE, N.W.<br>WASHINGTON, D.C. 20224<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 18-CV-2347-TJK |

**DEFENDANT'S UNOPPOSED/CONSENT MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

The Defendant requests leave to file its proposed surreply in opposition to Nonbelief Relief, Inc.'s Motion for Leave to File an Amended Complaint, ECF No. 25. A party seeking to file a surreply must move the court for leave. *See, e.g. Longwood Village Restaurant, Ltd. v. Ashcroft*, 157 F.Supp.2d 61, 68 n. 3 (D.D.C.2001). "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C.2001). As we explain, this proposed surreply meets that standard.

Defendant conferred with Richard Bolton, plaintiff's counsel, and represents that plaintiff does not oppose the relief sought in this motion. Defendant also conferred with Erik Stanley, counsel for intervenor, New Macedonia Baptist Church, and represents that intervenor consents to the relief sought in this motion.

Plaintiff initially filed a five-page memorandum in support of its motion to amend. *See* ECF No. 25. It presented arguments in a concise but summary fashion. *Id.* Defendant filed a lengthy response, in which it argued that plaintiff's proposed amended complaint is futile as lacking standing, failing to present a "live" controversy, and failing to establish a valid waiver of sovereign immunity. ECF No. 27. In its reply, plaintiff responded with a 22-page robust discussion of cases and authorities, the majority of which were not cited in its opening brief. ECF No. 29. Plaintiff for the first time set forth its positions on a number of disputed issues: causation and redressability with respect to both its Establishment Clause and Equal Protection claims; whether the remedy it seeks (nullification) is available; whether sovereign immunity is waived under the Administrative Procedures Act regarding the revised allegations and relief sought, and whether the Anti-Injunction Act is a bar to the same.[1]

As set forth in defendant's proposed surreply, we address these new and more nuanced arguments. We explain why the cases on which plaintiff primarily relies do not provide the support plaintiff claims, and instead support defendant's position that plaintiff cannot establish standing. Only one of those cases was cited in plaintiff's opening brief, and there it was not discussed. *See* ECF No. 25 at 4, 5. Defendant's explanation of those cases, and their application to the present controversy, is argument that defendant did not previously have an opportunity to present. This plainly meets the standard applicable to allowing surreplies. Further, plaintiff argued for the first time that the AIA does not bar the proposed amended complaint, something

---

[1] Plaintiff did not respond to the arguments raised in defendant's motion to dismiss and supporting brief, making its reply brief the first time it has been heard on these issues.

defendant did not originally assert in its response brief, making our proposed surreply the only avenue for our response to be heard.

Because absent leave to file the proposed surreply, defendant "would be unable to contest matters presented to the court for the first time" in plaintiff's reply, and because the Court will be benefitted by a full discussion of these issues in determining whether to allow the proposed amended complaint, it should be allowed.

A proposed order and defendant's proposed surreply is submitted herewith.

        Respectfully submitted,

        JESSIE K. LIU
        United States Attorney

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        /s/ Kari M. Larson
        KARI M. LARSON
        Senior Litigation Counsel
        Tax Division
        U.S. Department of Justice
        P.O. Box 403
        Washington, D.C. 20044
        202-616-3822 (v)
        202-307-2504 (f)
        Kari.M.Larson@usdoj.gov