# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NONBELIEF RELIEF, INC., <br>     *Plaintiff,* <br> v. <br> CHARLES RETTIG, <br>     *Defendant,* <br> and <br> NEW MACEDONIA BAPTIST CHURCH, <br>     *Defendant-Intervenor.* | Civil Action No. 18-2347 (TJK) |

## MEMORANDUM OPINION

NonBelief Relief describes itself as an organization dedicated to alleviating human suffering, focusing on individuals targeted for their nonbelief, secular activism, or blasphemy. It was initially incorporated as a tax-exempt 501(c)(3) organization. All such organizations must file a detailed financial report—known as a Form 990—unless the organization is exempt from doing so. Churches and religious institutions are exempt. To protest this allegedly preferential treatment for churches, Nonbelief Relief refused to file a Form 990 for three consecutive years and then had its tax-exempt status revoked. It now sues the Commissioner of the Internal Revenue Service, alleging that its status was revoked in violation of the First Amendment's Establishment Clause and the Fifth Amendment's Due Process Clause. The Commissioner moved to dismiss, as did Intervenor, The New Macedonia Baptist Church. In response, NonBelief Relief moved to amend its complaint. For the reasons explained below, the Court will

grant the Commissioner's and The New Macedonia Baptist Church's motions to dismiss on jurisdictional grounds and deny NonBelief Relief's motion to amend because it would be futile.

## I. Background

NonBelief Relief, Inc. was founded as a nonprofit corporation in 2015. ECF No. 1 ("Compl.") ¶¶ 4, 14. Its mission is "to improve conditions in this world, including by seeking to help remediate conditions of human suffering and injustice on a global scale, whether the result of natural disasters, human actions or adherence to religious dogma." *Id.* ¶ 16. NonBelief Relief seeks, more specifically, to assist atheists and other nonreligious individuals. *See id.* ¶¶ 17–20. It donates thousands of dollars per year to other charitable organizations. *Id.* ¶ 22.

Upon incorporation, NonBelief Relief qualified as a tax-exempt nonprofit organization under 26 U.S.C. § 501(c)(3) of the Internal Revenue Code. *Id.* ¶¶ 4, 31. The Internal Revenue Service (IRS) imposes various administrative requirements on 501(c)(3) organizations, such as requiring them to file annual reports and certain other forms; these requirements differ somewhat for secular and religious organizations. *See id.* ¶¶ 27, 30; *see also* 26 C.F.R. § 6033 (filing requirements for tax-exempt organizations). In exchange for complying with these administrative requirements, 501(c)(3) organizations are exempt from federal income tax, and donations to them are tax-deductible. Compl. ¶ 26; *see also* 26 U.S.C. §§ 170, 501(a).

During the first three years after its incorporation, NonBelief Relief complied with all 501(c)(3) administrative requirements save one: submission of Form 990, a detailed annual report of its finances. Compl. ¶¶ 14, 27–28; *see also* 26 U.S.C. § 6033(a)(1). It refused to file a Form 990 because churches and religious institutions are not also required to submit one, *see* 26

U.S.C. § 6033(a)(3).[1]  Compl. ¶¶ 39–40.  Organizations that must submit a Form 990 have to do so each year, although the IRS gives noncompliant organizations a grace period; their tax-exempt status is revoked only after they fail to file it for three consecutive years.  26 U.S.C. § 6033(j)(1).  Accordingly, after NonBelief Relief failed to file Form 990 for the three consecutive years, its tax-exempt status was automatically revoked in 2018.  Compl. ¶¶ 6, 31; 26 U.S.C. § 6033(j).

Later that year, NonBelief Relief brought this suit, alleging that (1) the IRS's exemption for churches and religious organizations from the requirement to file Form 990 (the "church exemption") and (2) the IRS's revocation of NonBelief Relief's tax-exempt status each violated the First Amendment's Establishment Clause.  Compl. ¶¶ 61, 63.  It also asserted that the IRS's revocation of its tax-exempt status violated the equal protection component of the Fifth Amendment's Due Process Clause.  *Id.* ¶ 63.  Its prayer for relief requested declarations that both the church exemption and the revocation of its tax-exempt status were unconstitutional, an injunction barring the IRS from continuing to exempt churches and religious organizations from filing Form 990, and a court order reinstating its tax-exempt status.  *Id.* at 12–13.

Shortly after NonBelief Relief filed suit, The New Macedonia Baptist Church moved to intervene.  ECF No. 5.  The Court granted that motion, reasoning that The New Macedonia Baptist Church's interests might diverge from the Commissioner's because of its intention "to argue not simply that the IRS's reporting exception is lawful, but that it is constitutionally *required* under the First Amendment," and because its motion otherwise satisfied the requirements for intervention as of right.  ECF No. 30 at 4–5.

---

[1] NonBelief Relief may have been formed in part to challenge the constitutionality of 26 U.S.C. § 6033(a)(3) after a similar challenge by a related organization failed for lack of standing.  *See* ECF No. 19-1 at 14–15; *Freedom From Religion Found. v. Koskinen*, 72 F. Supp. 3d 963 (W.D. Wisc. 2014).  But its motivations for challenging that exemption are irrelevant to the Court's analysis.

3

The Commissioner moved to dismiss NonBelief Relief's complaint on several grounds: that (1) the Anti-Injunction Act and Declaratory Judgment Act bar the declaration sought regarding NonBelief Relief's own tax-exempt status and reinstatement of that status; (2) sovereign immunity bars the injunctive and declaratory relief sought; and (3) NonBelief Relief lacks standing to bring its constitutional challenge to the church exemption. ECF No. 19. In response, NonBelief Relief moved to amend its complaint. The proposed amended complaint strikes its previous requests for an order reinstating its tax-exempt status and a declaration that the revocation of its tax-exempt status was unconstitutional, seemingly in response to the Commissioner's arguments concerning the Anti-Injunction Act and Declaratory Judgment Act, but is otherwise identical in substance to the operative complaint. *See* ECF No. 25.[2]

The New Macedonia Baptist Church filed its own motion to dismiss, arguing that the Court lacks jurisdiction over NonBelief Relief's claims, NonBelief Relief lacks standing to bring them, and the IRS's actions were not only consistent with the Establishment Clause but required by the Free Exercise Clause. *See* ECF No. 31. The parties completed briefing on all these motions, including an unopposed surreply by the Commissioner to NonBelief Relief's motion to amend. *See* ECF Nos. 27, 29, 32, 33, 35.

## II.     Legal Standards

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007). Courts lack subject-

---

[2] NonBelief Relief first attempted to file its proposed amended complaint as of right, but it did so too late under Federal Rule of Civil Procedure 15(a)(1)(B). The Court thus struck the amended complaint, Minute Order of March 25, 2019, and NonBelief Relief then moved to amend.

matter jurisdiction over cases which fall within the scope of the Anti-Injunction Act. *Maze v. Internal Revenue Serv.*, 862 F.3d 1087, 1091 (D.C. Cir. 2017). In addition, under Article III of the Constitution, an indispensable element of the Court's subject-matter jurisdiction is the plaintiff's standing to bring its claims. *See Swigert v. Perez*, 334 F. Supp. 3d 36, 40 (D.D.C. 2018). Challenges to a plaintiff's standing are thus properly brought as motions to dismiss under Federal Rule of Civil Procedure 12(b)(1). *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). "To survive a motion to dismiss for lack of standing, a complaint must state a plausible claim that the plaintiff has suffered an injury in fact fairly traceable to the actions of the defendant that is likely to be redressed by a favorable decision on the merits." *Humane Soc'y v. Vilsack,* 797 F.3d 4, 8 (D.C. Cir. 2015). In considering the motions to dismiss, the Court will "accept the well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its complaint with leave of court. The Court should grant that leave "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). But the Court need not grant the motion when the proposed amended complaint would not survive a motion to dismiss. *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012).

### III.     Analysis

NonBelief Relief seeks two types of relief in the operative complaint: first, a declaration that the IRS unconstitutionally revoked its tax-exempt status in violation of the First Amendment's Establishment Clause and the Fifth Amendment's Due Process Clause and an injunction reinstating its status; and second, a declaration that the church exemption violates the

Establishment Clause and an injunction striking it down for that reason.[3] But as explained below, its first set of claims are barred by the Anti-Injunction Act and the Declaratory Judgment Act, and it lacks standing to seek the prospective relief in its second set of claims.

### A. Claims Related to NonBelief Relief's Tax Status

Congress has sharply limited the circumstances in which a taxpayer may bring a pre-collection suit challenging her tax liabilities. The Anti-Injunction Act, 26 U.S.C. § 7421(a), prohibits any court, subject to certain exceptions, from entertaining a suit "for the purpose of restraining the assessment or collection of any tax." "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Cohen v. United States*, 650 F.3d 717, 724 (D.C. Cir. 2011) (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)). The Supreme Court has interpreted this prohibition broadly to include, as relevant here, suits seeking conferral or retention of tax-exempt status, because a judicial grant of tax exemption may ultimately affect revenue collected by the government. *See, e.g.*, *Alexander v. Ams. United, Inc.*, 416 U.S. 752, 759–62 (1974); *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736–40 (1974). Similarly, the Declaratory Judgment Act, 28 U.S.C. § 2201(a), generally prohibits courts from issuing declaratory judgments "with respect to Federal taxes." This Circuit has interpreted the Anti-Injunction Act and the tax limitation in the Declaratory Judgment Act to be coterminous. *Fla. Bankers Ass'n v. U.S. Dep't of Treasury*, 799 F.3d 1065, 1067–68 (D.C. Cir. 2015).

*Bob Jones* and *Americans United* straightforwardly dictate the result here. The Anti-Injunction Act and Declaratory Judgment Act divest this Court of jurisdiction to hear claims that

---

[3] All references to the Fifth Amendment's Due Process Clause refer to that clause's equal protection component.

NonBelief Relief's tax-exempt status was improperly revoked, since the award of an injunction or declaratory judgment on NonBelief Relief's behalf would restrain the government's collection of taxes against NonBelief and its donors.[4] For example, in *Americans United*, a nonprofit dedicated to preserving the separation of church and state argued that its tax-exempt status had been erroneously or unconstitutionally revoked and sought its reinstatement. 416 U.S. at 756. The Court held that the Anti-Injunction Act barred the suit because its "objective" was to enable donors to give gifts that would qualify as charitable deductions. *Id.* at 761; *see also Bob Jones*, 416 U.S. at 738–42. It further held that the constitutional nature of Americans United's claim did not affect its analysis. *Americans United*, 416 U.S. at 759. Here, NonBelief Relief similarly asserts that one of the harms caused by its loss of tax-exempt status is harm to its donors, who can no longer make tax-deductible charitable donations. *See* Compl. ¶¶ 7–8. Under *Americans United*, NonBelief Relief's request for reinstatement of its tax-exempt status thus has the "purpose" of restraining the collection of taxes under 26 U.S.C. § 7421(a), despite the constitutional nature of its claims.

NonBelief Relief has not meaningfully contested the Commissioner's argument that its claims as to its tax-exempt status are barred by the Anti-Injunction Act and the Declaratory Judgment Act. Rather than do so, it moved to amend its complaint, effectively withdrawing these claims. *Compare* Compl. at 12–13, *with* ECF No. 25-2 at 9. Because NonBelief Relief seeks an injunction and declaratory judgment that would restrain the collection of federal taxes,

---

[4] 26 U.S.C. § 7428, which generally provides an organization the right to bring a suit for a declaratory judgment over the revocation of its 501(c)(3) status, does not apply here because NonBelief Relief's tax-exempt status was automatically revoked under 26 U.S.C. § 6033(j). *See* 26 U.S.C. § 7428(b)(4).

7

this Court lacks jurisdiction to grant it the relief it seeks with respect to its own 501(c)(3) status. 26 U.S.C. § 7421(a); 28 U.S.C. § 2201(a). For this reason, these claims must be dismissed.

### B. Claims Relating to the Church Exemption

In addition to claims relating to its own tax-exempt status, NonBelief Relief alleges that the church exemption, 26 U.S.C. § 6033(a)(3), violates the Establishment Clause and the Due Process Clause and requests that the Court enjoin the Commissioner from "continuing to preferentially exempt churches and other affiliated religious organizations" from filing Form 990.[5] *See* Compl. at 12–13; ECF No. 25-2 at 9. Both the Commissioner and The New Macedonia Baptist Church assert that this relief would not redress NonBelief Relief's alleged injury, depriving it of standing. ECF No. 19-1 at 25–26; ECF No. 31 at 12–13. They make largely the same standing arguments in opposing NonBelief Relief's motion to amend, so the Court will consider this threshold question for all three motions together.

"The 'irreducible constitutional minimum of standing' requires that a plaintiff demonstrate three elements: (1) injury in fact; (2) causation; and (3) redressability." *Scenic Am. Inc. v. U.S. Dep't of Transp.*, 836 F.3d 42, 48 (D.C. Cir. 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

Redressability examines whether the relief sought, assuming that the court chooses to grant it, will likely alleviate the particularized injury alleged by the plaintiff." *West v. Lynch*,

---

[5] The operative complaint alleges that the IRS's revocation of NonBelief Relief's tax-exempt status violated both the Establishment and Due Process Clauses, and that the church exemption violates only the Establishment Clause. *See* Compl. ¶ 63. NonBelief Relief's proposed amended complaint alleges that the church exemption violates both the Establishment and Due Process Clauses. *See* ECF No. 25-2 ¶ 1.

845 F.3d 1228, 1235 (D.C. Cir. 2017) (quoting *Fla. Audobon Soc'y v. Bentsen*, 94 F.3d 658, 663–64 (D.C. Cir. 1996) (en banc)). Logically, then, "[t]he starting point in the redressability analysis is necessarily the relief sought." *Abulhawa v. U.S. Dep't of the Treasury*, 239 F. Supp. 3d 24, 36 (D.D.C. 2017). To have standing to seek prospective relief, the plaintiff must show that the claimed injury is continuing or imminent. *Owner-Operator Indep. Drivers Ass'n, Inc. v. U.S. Dep't of Transp.*, 879 F.3d 339, 346 (D.C. Cir. 2018). Both injunctive and declaratory relief are forms of prospective relief. *See, e.g.*, *Los Angeles County v. Humphries*, 562 U.S. 29, 31 (2010). Thus, to have standing to obtain declaratory or injunctive relief, the plaintiff must show an ongoing or imminent injury. *See, e.g.*, *Los Angeles v. Lyons*, 461 U.S. 95, 101–110 (1983). Past injuries alone "are insufficient." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011).

NonBelief Relief alleges that it suffered an injury when, as a 501(c)(3) tax-exempt organization, it was required to file a Form 990, while churches and other religious institutions were not. But assuming that is so, that injury is neither ongoing nor imminent, because NonBelief Relief is no longer a tax-exempt organization and has expressed no intent to reapply for that status. In fact, NonBelief Relief is not currently suffering any injury caused by the Commissioner's alleged preferential treatment of churches and religious organizations; it is being treated the same as all other non-501(c)(3) organizations. Because it is not suffering from an ongoing or imminent injury, it does not have standing to obtain the declaratory and injunctive relief at issue. *See Dearth*, 641 F.3d at 501; *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1207 (D.C. Cir. 2013). Forward-looking, prospective relief will not address such past alleged injuries. *See Lyons*, 461 U.S. at 102–05. More specifically, a declaration that the church

exemption is unlawful and an injunction prohibiting the Commissioner from enforcing it will not redress NonBelief Relief's alleged injury; in fact, it will not affect NonBelief Relief at all.

NonBelief Relief alleges in its proposed amended complaint that "[t]he Defendant's unequal treatment of the Plaintiff is ongoing and will continue as long as churches continue to be exempted from the information filing requirements of § 6033." ECF No. 25-2 ¶ 47. The Court disagrees. The injury it alleges occurred when it had to file a Form 990, a requirement from which churches and religious organizations are exempt. But as discussed above, this alleged unequal treatment is not ongoing or imminent because NonBelief Relief faces no current or future prospect of having to fill out a Form 990. *See Conservation Force*, 733 F.3d at 1207. And while it is true that the loss of its tax-exempt status is, in a sense, ongoing, NonBelief Relief has not based its standing argument on that loss, and for good reason. The relief it seeks—a declaration that the church exemption is unlawful and an injunction prohibiting the Commissioner from enforcing it—will not redress that loss. And as explained above, in any event, the Anti-Injunction Act and Declaratory Judgment Act deprive the Court of jurisdiction to reinstate NonBelief Relief's tax-exempt status.

For these reasons, NonBelief Relief's claims related to the church exemption and its alleged unequal treatment must be dismissed for lack of standing. And because these are the only claims remaining in its proposed amended complaint, its motion to amend must be denied as futile. *See Hettinga*, 677 F.3d at 480 ("A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss.").

\*          \*          \*

The Court notes that its decision does not mean that the church exemption is immune from judicial review. *Cf. South Carolina v. Regan*, 465 U.S. 367, 378 (1984) (holding that the

Anti-Injunction Act would not apply if the plaintiff had no other way to contest the constitutionality of a tax code provision). As the Commissioner points out, NonBelief Relief could pay any taxes it owed, claim a refund for the entire amount, and sue when the refund was denied, arguing that its 501(c)(3) status was unconstitutionally revoked.[6] *See* 26 U.S.C. § 7422; 26 U.S.C. § 6532(a)(1). NonBelief Relief may also respond to a notice of deficiency with a deficiency suit in Tax Court, where it may raise the same issues before paying any taxes owed. 26 U.S.C. §§ 6212–6213; *see also Z Str. v. Koskinen*, 791 F.3d 24, 26–27 (D.C. Cir. 2015) (outlining the avenues available to a plaintiff in a tax lawsuit).

### IV. Conclusion

For all these reasons, the Commissioner's Motion to Dismiss for Lack of Jurisdiction, ECF No. 19, will be granted, The New Macedonia Baptist Church's Motion to Dismiss, ECF No. 31, will be granted, and NonBelief Relief's Motion for Leave to File a First Amended Complaint, ECF No. 25, will be denied. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: January 10, 2020

---

[6] Injunctive and declaratory relief appear available through a refund suit, despite NonBelief Relief's arguments to the contrary. *See, e.g.*, *Gaylor v. Mnuchin*, 919 F.3d 420, 424–26 (7th Cir. 2019), *rev'g* 278 F. Supp. 3d 1081, 1105 (W.D. Wis.) (in a refund suit, adjudicating a claim for an injunction and declaratory judgment that 26 U.S.C. § 107(2), an exemption for religious housing, violates the Establishment Clause).